# Southern Railway Company *v.* Herron.

*Injury to Passenger.*

(Decided November 7, 1914.  66 South. 627.)

1. *Carriers; Passengers; Carrying Beyond Destination.*—The evidence examined and held not to justify a finding that the station was not called, and that the train did not stop there a reasonable time to permit the passengers to alight.

2. *Appeal and Error; Finding of Jury; Conclusiveness.*—A verdict not sustained by evidence, but imputable only to prejudice, passion or ignorance of the jury, will be set aside on appeal, although the judge trying the cause erroneously denied a motion for new trial.

APPEAL from Circuit Court of Walker county.

Heard before Hon. J. J. CURTIS.

Transferred from Court of Appeals.

Action by Eliza Herron against the Southern Railway Company for damages for carrying her beyond her destination as a passenger. Judgment for plaintiff, and defendant appeals. Reversed, rendered, and remanded.

BANKHEAD & BANKHEAD, for appellant.

W. L. ACUFF, and R. L. WINDHAM, for appellee.

SOMERVILLE, J.—The plaintiff sues to recover for the alleged negligence of the defendant, a common carrier of passengers, in carrying her by the station of Coalburg, which was her destination, and to which, as a passenger on a local passenger train, her transportation had been paid.

There was neither pleading nor evidence to support a recovery for defendant's negligence in not providing a safe place for plaintiff to alight, and the sole questions before the jury were: (1) Whether plaintiff was

seasonably informed in the usual way that her train was arriving at her destination; and (2) whether after its arrival it stopped there a reasonable time for her to alight. Plaintiff herself testified that no one called the station to Coalburg, and that the train did not stop at the station. She stated that it stopped at a water tank before the station was reached; that there was a "big bluff on one side and a creek on the other"; that there was no platform; and that she saw no place to get off.

Plaintiff's sister-in-law, who was going with her to the same destination, and who had a suit pending against defendant for the same cause of action, also testified that the station of Coalburg was not called, and that no stop was made there. She stated that the train stopped at the water tank, which she thought was 200 or 300 yards from the station.

On the other hand, five other passengers on the same train and coach—three men and two women, who were apparently entirely disinterested—testified positively and clearly that the station was called several times, and that the train made its regular stop at the station.

The flagman, one Woodall, testified: "I was flagman on the Southern on February 14th, going to Birmingham. Mrs. Herron was on that train. The station Coalburg was certainly called when the train approached it. I called the station twice in the ladies' coach and one time in the smoker, three times in all. I had two ladies' coaches on my train; one of the cars was divided into a smoking department. This was the one that they were in, and I called it three times in that car, once in the smoking department and twice in the car the ladies were in. After I called the station the train stopped at the depot at the regular stopping place. It

stood there about five minutes. That is about the usual stopping time when we are on time."

A brakeman, one Haynes, traveling then as a passenger, and the ticket collector, one Shaw, fully corroborated the other witness for defendant, and the conductor, one Caldwell, testified: "The train stopped at Coalburg at the regular stopping place at the station. I registered my train there, and stopped there the usual length of time."

It is perfectly clear from all the evidence that the water tank referred to is immediately at the station, and within just a few feet of it. Perfectly clear, also, that plaintiff and her sister-in-law, who were unaccustomed to traveling on trains, were paying no attention at this time to where they were, and that what they describe as a stop at the tank (which doubtless they did see, and the creek also) was in fact the regular stop at the station itself. Plaintiff was expecting to see a platform, and perhaps was waiting until a platform came into sight. But, however this may be, we do not think that any rational mind can reach the unbiased conclusion, in the face of the overwhelming evidence to the contrary, that the station was not duly called, or that the train did not make its regular and ample stop at the station itself.

The finding of the jury in this case affronts both reason and conscience, and can only be imputed to prejudice, passion, or ignorance; and while much deference is always to be accorded to the views of the trial judge on this particular question, we are satisfied he was in error here in refusing to grant the motion for a new trial.

The judgment will be reversed, and one will be here rendered granting the motion and remanding the cause for a new trial.

[Adams v. Central of Georgia Railway Company.]

Reversed, rendered, and remanded.

ANDERSON, C. J., and McCLELLAN and DE GRAFFEN-RIED, JJ., concur.